UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA BELEN HAM,<br><br>   Plaintiff,<br><br> v.<br><br>DE WAFELBAKKERS, LLC,<br><br>   Defendant. | Case No. 14-cv-01462-JST<br><br>**ORDER TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION; VACATING MOTION HEARING AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE** |

  Plaintiff Ana Belen Ham ("Plaintiff") states in her complaint that "[j]urisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. § 1331 (controversy arising under United States law)." Complaint for Damages, Injunctive Relief and Restitution ("Complaint") ¶ 6, ECF No. 1.

  Notwithstanding Plaintiff's invocation of 28 U.S.C. § 1331, the complaint does not bring any federal cause of action. As for diversity jurisdiction, while the complaint discusses the state in which Plaintiff is a "resident," ¶ 8, and alleges that Defendant De Wafelbakkers, LLC ("Defendant") is an "Arkansas corporation," ¶ 18, the complaint does not actually allege the parties' state citizenships. The complaint does not address Plaintiff's domicile, and neither does it address why Defendant is only a citizen only of Arkansas for diversity purposes. "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Finally, nowhere in the complaint does Plaintiff even allege that the requisite amount in controversy is satisfied, to say nothing of meeting her burden to explain the basis of her conclusion that it is.

  "[F]ederal courts have a continuing 'independent obligation to determine whether subject-matter jurisdiction exists.'" Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 976, n.

12 (9th Cir. 2012) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)).  "[T]he party asserting federal subject matter jurisdiction bears the burden of proving its existence." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

Therefore, Plaintiff is hereby ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff is ordered to file a written response to this order no later than fourteen days from the date of this order.   Defendant may, but is not required, to file any response to this order by that same date.

The Court hereby VACATES the hearing on Defendant's Motion to Dismiss, and DENIES the motion WITHOUT PREJUDICE.  ECF No. 14.  If it appears that the court has jurisdiction over this action, the court will so advise the parties, at which point Defendant may re-notice the matter for hearing.  The court will then decide the motion on the currently filed papers.

**IT IS SO ORDERED.**

Dated: July 2, 2014

_____
JON S. TIGAR
United States District Judge